## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DERRICK ROLLINS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-3099 |
| | ) | |
| STEVEN CAMPBELL *et al.*, | ) | |
| Defendants. | ) | |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C § 1983 by Plaintiff Derrick Rollins, an inmate at Menard Correctional Center. Plaintiff also filed Motions for Counsel (Docs. 4) and Status (Docs. 7, 9, 10).

I.      **Complaint**

A. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

Plaintiff alleges constitutional violations at Graham Correctional Center against Defendant Warden Steven Campbell and Corrections Officer Dale Vick.

Plaintiff asserts that Defendant Vick has engaged in a sustained campaign of harassment against Plaintiff since July 24, 2022, such as pushing keys into Plaintiff's back while "verbally assaulting" him, grabbing Plaintiff's groin and winking, following Plaintiff and attempting to provoke him by calling Plaintiff a coward, and entering Plaintiff's cell while he was using the toilet. In support of his claim, Plaintiff has appended grievances, complaining of harassment. Plaintiff further claims that Defendant Campbell ignored his pleas for assistance.

### C. Analysis

Prison officials violate the Eighth Amendment when they treat inmates in a way that is "motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). "Even where prison officials can identify a valid penological justification, their actions may still violate the Eighth Amendment if 'conducted in a harassing manner intended to humiliate and cause psychological pain.'" *Id.* at 897 (quoting *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009)). Thus, "[a] prison guard carrying out a prison security measure can violate the Eight Amendment in one of two ways: by maliciously inflicting pain or injury, *see Guitron v. Paul*, 675 F.3d 1044, 1046 (7th

Cir. 2012), or by performing some action that is 'intended to humiliate the victim or gratify the assailant's sexual desires,' *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012)." *Gillis v. Pollard*, 554 F. App'x 502, 505 (7th Cir. 2014).

Plaintiff's account is sufficient to state an Eighth Amendment claim for harassment against Defendant Vick. *See Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015) ("To attempt to draw a categorical distinction between verbal and physical harassment is arbitrary," as both physical and psychological pain can constitute cruel punishment.).

Plaintiff also states a claim against Defendant Campbell based on his assertion that Campbell ignored his requests for assistance. *See Perez v. Fenoglio*, 792 F.3d 768, 781–82 (7th Cir. 2015) ("An inmate's correspondence to a prison administrator may . . . establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation.").

## II.    Counsel and Status

Plaintiff also moves for the Court's assistance in recruiting counsel to represent him. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case,

does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654

(7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 4) is denied because he has not satisfied his

threshold burden of demonstrating that he has attempted to hire counsel, which typically

requires writing to several lawyers and attaching the responses received.

Plaintiff's Motions for Status (Docs. 7, 9, 10) are moot with the entry of the Court's

Order.

**IT IS THEREFORE ORDERED:**

1)   **Plaintiff's Motion for Counsel (Doc. 4) is DENIED.**

2)   **Plaintiff's Motions for Status (Docs. 7, 9, 10) are MOOT.**

3)   **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. §
     1915A, Plaintiff states Eighth Amendment harassment claims against
     Defendants Campbell and Vick. Plaintiff's claim against Defendants proceeds
     in their individual capacity only. Additional claims shall not be included in the
     case, except at the Court's discretion on motion by a party for good cause shown
     or under Federal Rule of Civil Procedure 15.**

4)   **This case is now in the process of service. The Court recommends that Plaintiff
     wait until counsel has appeared for Defendants before filing any motions to give
     Defendants notice and an opportunity to respond to those motions. Motions
     filed before Defendants' counsel has filed an appearance will be denied as
     premature. Plaintiff need not submit evidence to the Court unless otherwise
     directed by the Court.**

5)   **The Court will attempt service on Defendants by mailing a waiver of service.
     Defendant has sixty days from service to file an Answer. If Defendants have not
     filed their respective Answer or appeared through counsel within ninety days of
     the entry of this Order, Plaintiff may file a motion requesting the status of
     service. After Defendants have been served, the Court will enter an order setting
     discovery and dispositive deadlines.**

6)   **If a defendant no longer works at the address provided by Plaintiff, the entity
     for whom Defendant worked while at that address shall submit to the Clerk
     Defendant's current work address or, if not known, Defendant's forwarding**

address. **This information shall be used only for effectuating service. Documentation of forwarding addresses shall be kept only by the Clerk and shall not be kept in the public docket nor disclosed by the Clerk.**

7) **Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses proper under the Federal Rules. The Answer and later pleadings shall be to the issues and claims stated in this Order. An answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

8) **This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Court. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will provide more detailed information about the discovery process.**

9) **Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

10) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

11) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

12) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED January 3, 2026.

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE